In the Matter of JOHN J. JABLONSKY, an Attorney, Respondent.
BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner.

Second Department, February 19, 1974.

*Jack Korshin* for petitioner.

*John J. Jablonsky,* respondent in person.

*Per Curiam.* The respondent was admitted to practice law by the Appellate Division, First Judicial Department, on June 28, 1949. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report.

The petitioner sets forth 13 separate charges of misconduct, all of which (with minor admissions) are denied in the respondent's verified answer. A supplemental petition adds another charge, which was denied orally at the hearing.

The charges stem from the manner in which the respondent handled a decedent's estate for a client and the sale of an asset thereof, consisting of a parcel of real property. Of the specif-

ications found to have been sustained, the following highlights, taken from the report of Mr. Justice PANTANO, are most significant and demonstrate the respondent's unethical conduct. With respect to the sale of the real property, the respondent (a) commingled and converted to his own use $2,150 in escrow moneys; (b) acted as attorney for both the seller and the purchaser, although their interests were in conflict; (c) notarized the executor's signature on the latter's deed and affidavit of title, without the executor being present; and (d) failed to render a closing statement to the seller or the purchaser. With respect to the handling of the estate, the respondent (1) falsely notarized the signature of the executor on the probate petition, on the oath and designation related to that petition, on the application for preliminary letters testamentary and on the oath, designation and surety company bond related to that application, all without the executor being present; (2) knowingly uttered and published a forgery, to wit, the executor's signature on the preliminary executor's bond; and (3) failed to keep an appointment with and at the request of the Chief Law Assistant of the Surrogate's Court, Nassau County, to discuss the complaints made by the client. In addition, the respondent (a) gave conflicting testimony before the petitioner's Grievance Committee as to where he had deposited the escrow money; (b) disregarded communications of the petitioner's Grievance Committee; (c) failed to deliver an answer to the complaint served upon him by said committee; and (d) failed to give an accounting of moneys received for the account of his client, although directed to do so upon his appearance on January 19, 1971 before said committee.

The evidence adduced at the hearing fully supports the findings of Mr. Justice PANTANO sustaining the above charges and sustaining other charges to the extent indicated in his report. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the nature and extent of the discipline to be imposed upon the respondent, we have taken cognizance of the mitigating circumstances which the respondent has requested the court to consider, including his affirmation to the effect that there is a sum of $1,758 remaining out of the $2,150 held by him in escrow, which sum he has in a special account and is holding for payment of estate taxes. Also in mitigation, we have considered the fact that all of the respondent's misconduct was related to the handling of an estate for one client and to a single real estate transaction stemming therefrom.

Under the circumstances, it is our opinion that the respondent should be and he hereby is suspended from the practice of law for a period of two years, commencing March 15, 1974.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.